**Signed: September 10, 2005**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 04-41779 TG |
| HAROLD WAYNE HUTSON, etc., | Chapter 13 |
|        Debtor. | |
| _____/ | |
| CITY OF VALLEJO, | A.P. No. 05-4253 AT |
|        Plaintiff, | |
|   vs. | |
| HAROLD WAYNE HUTSON, etc., et al., | |
|        Defendant. | |
| _____/ | |

**MEMORANDUM RE CITY'S APPLICATION FOR PAYMENT OF FEES AND COSTS**

The application of the City of Vallejo for attorneys' fees and costs in connection with the filing of the above-captioned proceeding came before the Court on September 8, 2005 at 2:00 p.m. Appearances were stated on the record. At the conclusion of the hearing, the Court took the matter under submission so as to determine whether the filings to date gave the Court a sufficient

basis to make a ruling on the application. After reviewing the record, the Court concludes that they do not.

The complaint alleges that a series of stop notices were served by one of the above-captioned debtor's (the "Debtor") subcontractors. After the first two were served, a release bond was provided to the City of Vallejo (the "City"), and the funds then due were released. However, thereafter, the City still held approximately $20,000 in retention funds. The work was completed on March 30, 2004. The Debtor filed a chapter 13 petition on April 1, 2004.

The subcontractor served a third stop notice on April 13, 2004. This may or may not have been duplicative of the earlier stop notices. No release bond was provided with respect to this stop notice. As a result, the City refused to release the retention funds to the Debtor and instead filed an interpleader action, first in state court, later in this court. The complaint purports to attach the stop notices and other documents as exhibits. However, no exhibits to the complaint were filed.

Thereafter, the City filed an application for fees and expenses, summarizing the allegations of the complaint and asserting that it had incurred certain attorneys' fees and expenses in connection with filing the interpleader. No evidence--e.g., declarations under penalty of perjury by persons competent to testify to the facts stated, copies of relevant documents identified by the declarations--was filed supporting this application. In addition, the summary of the time spent and

2

work done was insufficiently detailed to permit the Court to determine whether the fees are reasonable.

Defendants Insurance Company of the West and Explorer Insurance Company (the "Sureties") filed an opposition to the City's fee application. For various reasons, they contended that the City was required by law, once the release bonds were provided, to release the retention funds. They do not address the fact that a third stop notice was served by the subcontractor after the release bond was provided and the monies then due were released. Moreover, their opposition suffers from the same lack of supporting evidence as the City's fee application. The City's response to the opposition is also unsupported by any evidence.

In their opposition, the Sureties contend that the interpleader action and the City's fee application violated Rule 9011 of the Federal Rules of Bankruptcy Procedure. However, they do not appear to have complied with Rule 9011(c)(1) by requesting this relief in a separate motion and giving the City 21 days after service of the motion to withdraw the offending pleading. Therefore, their request for sanctions will be denied.

## CONCLUSION

The City's application for fees and costs will be denied without prejudice. If the City wishes to proceed with its application, it should file and serve on interested parties within 30 days sufficient evidence to support the factual allegations of the complaint and its application, including a detailed description of the work performed and time spent for which fees

3

and costs are requested.  If this is done, the Sureties will have 14 days from the date of service of the supplement to the application to file any further opposition, with appropriate supporting evidence.  The City will then have an additional 7 days from the date of service of any further opposition to file a response.  The City should submit a proposed form of order when the additional briefing is complete.  The order will alert the Court to the fact that the matter is ripe for decision.  No further hearing will be set unless the Court concludes that one is required.

END OF DOCUMENT

COURT SERVICE LIST

Matthew P. Shelton
Law Offices of J. Michael Pisias, Jr.
177 Post St., Ste. 700
San Francisco, CA 94108

Claudia M. Quintana
Deputy City Attorney
City of Vallejo
555 Santa Clara St.
P.O. Box 3068
Vallejo, CA 94590

Martha G. Bronitsky
Chapter 13 Trustee
P.O. Box 5004
Hayward, CA 94540-5004