**Signed: October 24, 2005**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 04-41779 TG |
| HAROLD WAYNE HUTSON, etc., | Chapter 13 |
|         Debtor. | |
| _____/ | |
| CITY OF VALLEJO, | A.P. No. 05-4253 AT |
|         Plaintiff, | |
|   vs. | |
| HAROLD WAYNE HUTSON, etc., et al., | |
|         Defendant. | |
| _____/ | |

**MEMORANDUM OF DECISION RE CITY OF VALLEJO'S FEE APPLICATION**

The City of Vallejo (the "City") filed an application for attorneys' fees and costs in connection with the above-captioned adversary proceeding. Defendants Insurance Company of the West and Explorer Insurance Company (the "Sureties") filed an opposition to the Application. For the reasons stated below, the application is denied.

## SUMMARY OF FACTS AND CONTENTIONS

Prior to the commencement of this bankruptcy case, the City contracted with the Debtor to perform a work of improvement and required the Debtor to provide the City with one or more payment and/or performance bonds (the "Bonds"). The Sureties are the issuers of the Bonds.

In October 2003, before the work of improvement was completed, one of the Debtor's subcontractors, Thomas & Pratt Highway Specialty Services, Inc. ("Thomas & Pratt"), served a stop notice on the City in the amount of $22,060 (the "First Stop Notice"). Later that month, Thomas & Pratt served a second stop notice on the City in the amount of $42,950.27 (the "Second Stop Notice"). After the Second Stop Notice was served, the Sureties provided the City with a release bond (the "Release Bond") in the amount of $64,425.40, and the funds then due were released to the Debtor.[1]

The Debtor completed the project, and the City accepted the work on March 30, 2004. On April 1, 2004, the Debtor filed a chapter 13 petition. At that time, the City still owed the Debtor $20,548.12 in retention funds (the "Retention Funds"). After the bankruptcy filing, on April 13, 2004, Thomas & Pratt wrote a letter to the City, complaining that it had not yet been paid. On April 14, 2004, a representative of one of the Sureties wrote to

---

[1] Additional stop notices (the "Additional Stop Notices") were served on the City by other subcontractors in March 2004. On January 10, 2005, the City was provided with release bonds with respect to the Additional Stop Notices.

2

the City, demanding that the City place a freeze on the Retention Funds.

On August 23, 2004, Thomas & Pratt wrote the City again, demanding payment of the amount due from the Debtor and threatening to sue the City if payment was not received. On August 30, 2004, an attorney representing the City spoke by telephone with the representative of one of the Sureties. The representative of the Sureties demanded that the City release the Retention Funds to them. On January 10, 2005, in the letter enclosing a release bond for the Additional Stop Notices, the representative continued to assert the Sureties' right to the Retention Funds.

On April 16, 2005, the City filed an action in state court, seeking to interplead the Retention Funds and naming the Trustee, the Sureties, and Thomas & Pratt as defendants. On April 20, 2005, the Trustee's attorney wrote to the City, making a formal demand for turnover of the Retention Funds to the Trustee pursuant to 11 U.S.C. §§ 541 and 542. The attorney advised the City that it had violated the automatic stay of 11 U.S.C. § 362 by filing the state court interpleader action. He also advised the City that it had improperly sued the Trustee without first seeking permission of the court that appointed the Trustee: i.e., the bankruptcy court. He cited authority for this principle. See In re Kashani, 190 B.R. 875, 885 (Bankr. 9th Cir. 1995) and Leonard v. Vrooman, 383 F.2d 556, 560 (9th Cir. 1967. Finally, he asserted that any action against the Trustee should have been filed in the

3

bankruptcy court. He asked the City to dismiss the state court interpleader action immediately.

The City failed to turn over the Retention Funds to the Trustee at that time.[2] It did dismiss the state court interpleader action. However, it then filed the Interpleader Action without first seeking the Court's permission. The City then filed an application, seeking payment of its attorneys' fees and costs for filing the Interpleader Action. The Sureties opposed the application on the ground that it was unnecessary for either of interpleader actions to be filed.

**DECISION**

When a bankruptcy case is filed, an estate is created. With limited exceptions, not applicable here, the estate consists of all of the debtor's property on the petition date. See 11 U.S.C. § 541. Property of the estate includes property encumbered by liens or against which the claims of third parties may be asserted. Absent an order of the bankruptcy court to the contrary, the trustee is entitled to possession of property of the estate. For that reason, 11 U.S.C. § 542 requires any party in possession of property of the estate when a bankruptcy petition is filed, other than a custodian, to deliver the property to the trustee. The City does not qualify as a custodian.

---

[2] Ultimately, the City did turn over the Retention Funds to the Trustee and the Sureties' claim to the funds has apparently been resolved without judicial intervention.

4

Delivery of property subject to liens or against which claims may be asserted does not deprive the secured creditors or unsecured claimants of their rights. Those rights must simply be asserted in the bankruptcy case. The City acted improperly by failing to deliver the Retention Funds to the Trustee promptly once it learned of the bankruptcy case and, in any event, after turnover was demanded by the Trustee's attorney.

The City contended that it filed the interpleader actions based on threats of litigation made by Thomas & Pratt in April and August 2004. This contention is not credible. The state court interpleader was not filed until April 2005. What is credible is that the City viewed the Sureties and the Trustee's demands for turnover of the Retention Funds as conflicting claims, justifying the filing of an interpleader action. This was a misconception. As noted above, federal bankruptcy law gives the Trustee the right to possession of the funds. That right does not conflict with the Sureties' right to assert a claim to the funds in the bankruptcy court. In fact, both Thomas & Pratt's and the Sureties' attempts to persuade the City to turn over the Retention Funds to them constituted a violation of the automatic stay. See 11 U.S.C. § 362(a)(1) & (3). They did not justify the filing of an interpleader action.

Since the City acted improperly by filing the Interpleader Action, its fee application will be denied. Counsel for the Sureties is directed to submit a proposed form of order in accordance with this decision.

5

END OF DOCUMENT

COURT SERVICE LIST

Matthew P. Shelton
Law Offices of J. Michael Pisias, Jr.
177 Post St., Ste. 700
San Francisco, CA 94108

Claudia M. Quintana
Deputy City Attorney
City of Vallejo
555 Santa Clara St.
P.O. Box 3068
Vallejo, CA 94590

Roger L. Efremsky
Efremsky & Nagel
5776 Stoneridge Mall Rd., Ste. 360
Pleasanton, CA 94588

Martha G. Bronitsky
Chapter 13 Trustee
P.O. Box 5004
Hayward, CA 94540-5004